UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20042-BLOOM/Otazo-Reyes

TRENT PEAVY,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*a foreign corporation*
*d/b/a* Carnival Cruise Line

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [45], ("Motion") filed on April 11, 2023. Plaintiff Trent Peavy filed a Response in Opposition, ECF No. [46], to which Defendant filed a Reply, ECF No. [52]. The Court has reviewed the Motion, all opposing and supporting submissions,[1] the record in this case, the relevant case law, and is otherwise fully advised. For the reasons set forth below the Motion is granted in part and denied in part.

**I.    BACKGROUND**

On January 5, 2023, Plaintiff filed his Complaint alleging four counts of negligence against Defendant stemming from an alleged March 17, 2022, fall, while exiting a water taxi in the disembarking area of Defendant's vessel. ECF No. [1] ¶¶ 11-12. On March 6, 2023, Defendant filed its First Motion to Dismiss. In response, Plaintiff filed the operative First Amended

---

[1] The Court considered Defendant's Notice of Supplemental Authority, ECF No. [54], but found it is not dispositive.

Complaint. The First Amended Complaint alleges the following Counts against Defendant: vicarious liability for the active negligence of its employees (Count I); direct liability for negligence (Count II); direct liability for negligent failure to warn (Count III); direct liability for negligent failure to maintain (Count IV).

Defendant thereafter filed the instant Motion in which it argues that "[t]he Court should dismiss the First Amended Complaint, or alternatively strike all referenced paragraphs, for the following reasons: (1) Plaintiff's 'Platform Connection' theory is devoid of any facts of proximate causation; (2) Count I impermissibly intermingles vicarious and direct liability allegations; (3) Count I fails to adequately identify the negligent crewmember(s); (4) Plaintiff fails to adequately allege actual notice; and (5) Plaintiff fails to adequately allege constructive notice." ECF No. [45] at 2. Plaintiff filed a response opposing dismissal.

## II.     LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

### III. DISCUSSION

As stated, Defendant seeks to dismiss or strike certain portions of Plaintiff's First Amended Complaint because (1) Plaintiff's 'Platform Connection' theory lacks facts related to proximate causation; (2) Count I impermissibly intermingles allegations of vicarious and direct liability; (3) Count I fails to adequately identify negligent crewmember(s); and (4) Plaintiff fails to adequately allege actual or constructive notice. *See generally* ECF No. [45]. Plaintiff responds that (1) he has adequately alleged proximate cause; (2) Count I does not impermissibly intermingle vicarious and direct liability allegations; (3) he sufficiently identifies the disembarkation crewmembers to allege a claim of vicarious liability; and (4) he has sufficiently alleged actual or constructive notice. *See generally* ECF No. [46]. The Court addresses each argument in turn.

#### A. Count I: Proximate Causation

Defendant argues that, in addition to alleging that Plaintiff slipped and fell on a wet platform, Plaintiff "also alleges vaguely that the platform at issue was not connected to the water taxi at the time of his disembarkation." ECF No. [45] at 5. Defendant contends that the First Amended Complaint fails to allege any proximate causation between the lack of connection and his injury. Plaintiff responds that paragraphs 27 and 30 of his First Amended Complaint clearly allege proximate causation due to the negligence of Defendant's disembarkation crew members. The relevant portions of paragraphs 27 and 30 read as follows:

> 27. Carnival's disembarkation crew, acting in the course and scope of its employment, were negligent by failing to assist Plaintiff, by failing to warn Plaintiff of the slippery nature of the disembarkation platform, and failing to secure the water taxi to the platform or otherwise place the water taxi in a position, next to the ship, where the rough seas would not significantly affect the safe disembarkation from the water taxi.
>
> . . .
>
> 30. As a direct and proximate result of the active negligence of Carnival's employees, the disembarkation crew, for which Carnival is vicariously liable,

> Plaintiff . . . suffered bodily injuries resulting in pain and suffering; physical and mental pain . . .

ECF No. [34] ¶¶ 27, 30.

The Court finds the allegations are sufficient to state a claim for vicarious liability. As alleged, Defendant's employees negligently failed to secure the water taxi to the platform or otherwise place the water taxi in a position, next to the ship to ensure safe disembarkation.

**B. Count I: Comingling Allegations of Vicarious and Direct Liability**

Defendant next argues that Count I impermissibly comingles allegations of vicarious and direct liability. Plaintiff responds that Defendant's argument is erroneous, and Defendant has failed to cite any authority in support of its argument.

The Court agrees with Defendant. Under a theory of vicarious liability, the duty and conduct of the Defendant, the shipowner, are not relevant. *See Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169 (11th Cir. 2021) ("[T]he scope of a shipowner's duty has nothing to do with vicarious liability which is not based on the shipowner's conduct."). Under the theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko*, at 1167-1168.

Paragraph 25 of the First Amended Complaint states that "Carnival and Carnival's crew members owed a nondelegable duty to Plaintiff . . . to exercise reasonable care under the circumstances . . ." ECF No. [34] ¶ 24. The reference to Carnival's duty impermissibly comingles theories of liability by alleging Defendant's duty in a claim for vicarious liability. Because striking

the entirety of the paragraph would leave the Count insufficient, the Court dismisses Count I with leave to amend.

### C. Count I: Negligent Employee

Defendant next argues that Count I should be dismissed because Defendant's allegedly negligent crew members are not adequately described. Plaintiff responds that Count I sufficiently described Defendant's crewmembers who Plaintiff contends were negligent.

Plaintiff has sufficiently described the allegedly negligent crewmembers to satisfy the governing pleading standard. Plaintiff specifically alleges that the disembarkation crew on March 17, 2022, who were responsible for the platform where Plaintiff disembarked from his water taxi, were negligent. Those details are specific enough to place Defendant on notice of the relevant crew members. *See Mclean v. Carnival Corp.*, No. 22-CV-23187, 2023 WL 372061, at *3 (S.D. Fla. Jan. 24, 2023) (While the Plaintiff does not specifically name the crewmembers, there is no requirement in the law that she do so, and it would seem fundamentally unfair to require the Plaintiff to remember the names of each of the crewmembers involved in the incident simply to file a complaint.").

### D. Actual or Constructive Notice

Defendant argues that Plaintiff fails to sufficiently allege pre-existing knowledge to establish actual notice, fails to allege the existence of a condition for a period of time to establish constructive notice, and fails to allege prior similar incidents to establish constructive notice. Plaintiff responds that he has sufficiently alleged actual or constructive notice.

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'"

*Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). Further, "[i]t is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers." *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-CV-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015). However, in order to have a duty to warn of a danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322).

> Paragraph 33 in Count II of the Amended Complaint states:
>
> The dangerous condition of the disembarkation platform and the procedure for disembarkation were known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered their existence through the exercise of reasonable care. In fact, the Defendant was aware of the dangers of slipping while disembarking on this platform as evidenced by the existence of a "caution wet floor" sign and the existence of slip resistant strips on the platform itself.

ECF No. [34] ¶ 33.

> Paragraph 41 in Count III contains language related to notice as well:
>
> This dangerous condition was actually or constructively known to Carnival as they made the decision to disembark their passengers from the water taxi back onto the ship in these rough conditions which created a dangerous and slippery platform where their passengers were to disembark. In fact, the Defendant was aware of the dangers of slipping while disembarking on this platform as evidenced by the existence of a "caution wet floor" sign and the existence of slip resistant strips on the platform itself."

*Id.* ¶ 41. Paragraph 53 in Count IV contains identical allegations.

### i. Actual Notice

The Court first addresses Defendant's argument regarding actual notice. Defendant concedes that Plaintiff has adequately alleged actual notice because "the existence of a 'wet floor' warning cone and non-slip strips, is sufficient to support an actual notice claim, because Plaintiff repeatedly alleges that he slipped and fell on the platform because it was wet." ECF No. [45]. The Court agrees that these allegations are sufficient to plead actual notice. Having found actual notice

adequately plead, the Court need not address Defendant's additional contention that actual notice based on the effect of rough seas is not adequately plead.

### ii.    Constructive Notice

Turning to constructive notice, Defendant first argues that Plaintiff's allegations as to whether the condition existed for a sufficient period of time are insufficient. Plaintiff responds that "[t]his is not a slip and fall on a transitory foreign substance case where the length of time the substance had been on the floor is a crucial fact." ECF No. [46] at 8. Defendant next argues that Plaintiff fails to allege constructive notice based on similar prior incidents. Plaintiff fails to respond to this argument.

However, paragraphs 41 and 53 of Plaintiff's Amended Complaint sufficiently plead constructive notice where they say that "[t]his dangerous condition was actually or constructively known to Carnival as they made the decision to disembark their passengers from the water taxi back onto the ship in these rough conditions which created a dangerous and slippery platform where their passengers were to disembark" ECF No. [34] ¶¶ 41, 53.

The Court notes that Plaintiff seemingly concedes that he has not sufficiently pled constructive notice based on length of time as a separate theory of notice because he contends that *Holland v. Carnival Corp.*, is not applicable to this type of action which is not one involving a transitory foreign substance. No. 20-CV-21789, 2021 WL 86877, at *3 (S.D. Fla. Jan. 11, 2021), *aff'd,* 50 F.4th 1088 (11th Cir. 2022).  In *Holland*, another court in this district held that "[a]s plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours" and therefore "does not state a claim that is *plausible* on its face." *Id.* (emphasis in original)).

Regarding constructive notice based on prior incidents, Defendant cites four cases from this district for the proposition that the allegations in the Amended Complaint are too vague to state a claim for

negligence with notice based on prior similar incidents. In *Segarra v. Carnival Corp.*, the court found that the allegation of prior similar incidents without more facts is conclusory and does not plead notice. No. 21-CV-23661, 2022 U.S. Dist. LEXIS 160724, at *8 (S.D. Fla., Sept 6, 2022). In *Holland v. Carnival Corp.*, another court in this district found that "Plaintiff assertion of prior slip and fall incidents is conclusory and therefore insufficient to establish that Carnival was on notice of the hazard which cause injury to Plaintiff." 2021 WL 86877, at *3. The other cases cited by Defendant reached similar conclusions. See *Serra-Cruz v. Carnival Corp.*, No. 18-CV-23033, 2019 WL 13190647, at *8 (S.D. Fla. Feb. 12, 2019) (finding that because Plaintiff did not explain which prior accidents put Carnival on notice or how the incidents put Carnival on Notice they failed to state a claim for negligence); *Polanco v. Carnival Corp.*, No. 10-CV-21716, 2010 U.S. Dist. LEXIS 150857, at *7 (holding the allegations of prior similar incidents were "bereft of information" and that the plaintiff's complaint "therefore fails to state a claim for negligence."). Here too, the conclusory allegation of prior incidents while disembarking from a water taxi to the cruise ship and vice versa are not specific and fail to state how those incidents place Defendant on notice.

Plaintiff has adequately pled actual and constructive notice. The fact that Plaintiff's allegations of constructive notice based on the theories of length of time or prior incidents are insufficient does not warrant striking them as they are not patently redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [45]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this order.

2. Count I of the First Amended Complaint, **ECF No. [34]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff shall file his Second Amended Complaint on or before **May 22, 2023**.

Case No. 23-cv-20042-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record